WILLIS v. TERRY et al.

(Circuit Court, E. D. Pennsylvania. November 21, 1899.)

No. 7.

1. EQUITY PLEADING — DISPOSITION OF EXCEPTIONS TO ANSWER — TIME FOR PLEADING FURTHER.

Where a complainant files exceptions to the report of a master, which sustains one exception to defendant's answer but overrules others, the defendant is not required to answer further until such exceptions have been heard and disposed of by the court, so that he may know what further answer is required by the court's decree.

**2.** SAME—REFERENCE ON EXCEPTIONS—COSTS.

> The costs of a reference to a master of exceptions to an answer may properly be equally divided, where but one of a number of exceptions was sustained, but the answer was plainly insufficient in the matter to which that one related.

John B. Uhle, for complainant.

Henry C. Terry and Dimner Beeber, for respondents.

DALLAS, Circuit Judge. This is a bill for an account. The defendants filed separate answers. To these answers the complainant filed 13 exceptions, which were referred to a master. He has reported that none of the exceptions is well taken, except the twelfth. The twelfth exception he has sustained, "because the defendants, in denial of the averments that they never had accounted in court or in any way binding upon the plaintiff, set up an amicable settlement of their account as executors with the plaintiff, which would be a defense upon the hearing for a decree for an account, but have not set out the details of and circumstances of that transaction, with all writings relating thereto, with sufficient fullness to enable the court to pass upon its legal effect." Of this part of the master's report no complaint is made, and the defendants admit, as of course they must, that it is their duty, in view of their acquiescence in this ruling of the master, to make further answer in conformity therewith. But the position taken by the complainant, that the defendants should already have filed such further answer, is untenable; for, of course, until hearing had upon the exceptions of the complainant himself to the master's report, there could be no decree thereon, and consequently it could not be known what further answer would be requisite.

It has been strenuously urged by each party that the master erred in reporting that the costs of the reference should be equally divided between them, but I think he was right. My first impression was that, inasmuch as the plaintiff had filed thirteen exceptions and had succeeded in maintaining but one of them, he ought to be required to pay a somewhat greater proportion of these costs; but, on further reflection, I have reached the conclusion that, as the answers were plainly insufficient in one particular, which alone justified objection to them, the respondents may fairly be charged with one-half of the expense of the investigation.

The plaintiff's exceptions to the report, other than those which relate to the question of costs, go to the refusal of the master to sustain any of the exceptions to the answers except the twelfth. I am, however, after full consideration of the arguments of counsel, entirely satisfied with the master's conclusions. The main contention on behalf of the plaintiff seems to be that an error was committed in applying to this case the well-established rule that, until a decree for an account be obtained, no evidence is relevant, nor argument pertinent, which does not tend to establish the defendants' liability to account. But I have not been persuaded of this; and the avowal in the brief of the plaintiff that, upon an answer being filed in conformity with the master's report, the

question of accountability can be litigated at once, without insisting upon the remaining exceptions, involves, I think, the concession that there is no good reason why the case should not now proceed for determination of the question of accountability, without in any manner anticipating the proceedings to ensue if and when accountability shall be decreed. The exceptions to the master's report are dismissed, the report is confirmed, and the decree thereby recommended will be entered as the decree of the court.